NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES M. FORMAN, in his capacity as Chapter 7 Trustee,<br><br>                  Plaintiff,<br><br>v.<br><br>JOHN WILLIX,<br><br>                  Defendant. | Civil Action No.: 13-5291, 13-5293 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motion of Defendant John Willix for leave to appeal Bankruptcy Judge Gambardella's June 20, 2013 denial of his motion to dismiss Plaintiff's claims. (Civil Action No. 13-5291, Docket No. 1).[1] The Court held oral argument in this matter on April 9, 2014. After full consideration of the parties' submissions and arguments, Defendant's motion for leave to appeal is denied.

## II. BACKGROUND

Defendant John Willix was an investor in a Ponzi scheme carried on for over twenty years by Chapter 7 debtors Daniel and Anastasia Sweet (collectively "the Sweets" or "Debtors"). See Compl. at ¶ 8. According to the Complaint, Defendant became aware of difficulties surrounding his investment with Debtors in early 2006. Compl. at ¶ 17.

---

[1] Defendant's substantive appeal was filed as Civil Action No. 13-5293. Because the Court denies Defendant leave to file an interlocutory appeal, the merits of the substantive appeal will not be addressed.

On August 26, 2006, Defendant allegedly extracted a payment of $1,303,672.50 from the Sweets as a condition of a purported future investment, which never occurred. Compl. at ¶ 19-22. On August 20, 2009, the Debtors filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. Plaintiff Charles M. Forman ("Plaintiff" or "Trustee") was appointed the Chapter 7 trustee for the Debtors' estate shortly thereafter. Compl. at ¶ 1-2. This action was filed as an adversary proceeding in the Bankruptcy Court for the District of New Jersey on August 18, 2011. Plaintiff's complaint alleges three counts of fraudulent transfer pursuant to 11 U.S.C. § 544(b), N.J.S.A. 25:2-25(a) and (b), and N.J.S.A. 25:2-27(a). Plaintiff seeks to avoid the payment from the Debtors to the Defendant pursuant to 11 U.S.C. § 544(b) and 548.

On October 18, 2011, Defendant filed his motion to dismiss the complaint for failure to state a cause of action upon which relief could be granted pursuant to Fed. R. Bankr. P. 7012(b) (applying Fed. R. Civ. P. 12(b)(6)). Bankr. Op. at 7. Defendant argued that Plaintiff's claims were barred by a statute of repose under the New Jersey version of the Uniform Fraudulent Transfer Act, codified at N.J.S.A. 25:2-31. Bankr. Op. at 7. Relying on her earlier decision in Princeton-New York Investors, Inc., 199 B.R. 285 (Bankr. D.N.J. 1996) (Princeton I) and the District Court decision affirming that opinion in First Union Nat'l Bank v. Gibbons, 219 B.R. 55 (D.N.J. 1998) (Princeton II), Judge Gambardella denied the motion to dismiss on June 20, 2013. In doing so, she held that Section 546(a) of the Bankruptcy Code preempted the New Jersey statute of repose, extending the time for Plaintiff to bring his claims. Judge Gambardella also held that no leave of the Bankruptcy Court was required for Defendant to seek an interlocutory appeal before this Court.

The central question before the Court on appeal is whether Section 546 of the Bankruptcy Code preempts the statute of repose governing New Jersey's version of the Uniform Fraudulent Transfer Act. Under the statute of repose, a party has four years from the date of a transfer to bring

2

a claim. N.J.S.A. 25:2-31(b). Section 546, however, sets a different time limit. It allows a trustee standing in place of a creditor to bring suit within two years of the order of relief. 11 U.S.C. 546(a). In determining whether preemption of a state statute by federal law is warranted, the Court's "sole task" is to determine the intent of Congress. Witco Corp. v. Beekhuis, 38 F.3d 682, 687 (3d Cir. 1994). Preemption may be found either by Congress explicitly stating its intent, or by regulation so pervasive it leaves no room for further state regulation. Id. Absent such explicit or implicit preemption, a court may nonetheless find preemption where it is either impossible to comply with both federal and state regulations, or where the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id.

In her original Princeton decision, Judge Gambardella found that the New Jersey statute of repose stood as an obstacle to congressional objectives inherent in the Bankruptcy Code. See Princeton I, 199 B.R. at 297. She held that § 546 was created with the intent to give the trustee sufficient time to properly investigate and determine whether to assert claims under § 544. See Princeton I, 199 B.R. at 298 (quoting In re Dry Wall Supply, 111 B.R. 933, 936 (D. Colo. 1990)). Because of its strict limit, Judge Gambardella found that the New Jersey time bar would frustrate that intent, and therefore preemption was warranted. Id. In affirming the Bankruptcy Court, Judge Wolin similarly held that despite the Third Circuit's general reluctance to find preemption, such a finding was warranted in this situation. See Princeton II, 219 B.R. at 65 (finding that the statute of repose would "have the effect of stripping Congress of its authority to execute and accomplish the [Bankruptcy] Code's objectives"). Id. Nearly every court that has confronted this issue has come to the same conclusion. See, e.g. Dry Wall, 111 B.R. 933; see also Smith v. Am. Founders Fin. Corp., 365 B.R. 647 (S.D. Tex. 2007); In re Leach, 380 B.R. 25 (Bankr. D.N.M. 2007); In re Naturally Beautiful Nails, Inc., 243 B.R. 827 (M.D. Fla. 1999); In re Mahoney, Trocki & Assocs.,

3

Inc., 111 B.R. 914 (Bankr. S.D. Cal. 1990).

## III. DISCUSSION

### A. Legal Standard

This Court has jurisdiction pursuant to 28 U.S.C. 158(a), as well as Federal Rules of Bankruptcy Procedure 8001 and 8003. Although § 158 does not specify a standard to be used by a district court in deciding whether to grant leave for an interlocutory appeal, reviewing courts generally apply the standard governing interlocutory appeals to circuit courts, 28 U.S.C. § 1292(b). See In re Dwek, 09-cv-5046, 2010 WL 234938, at *2 (D.N.J. Jan. 15, 2010). Under § 1292(b), leave for an interlocutory appeal may only be granted upon a showing that: (1) there exists a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of litigation. See 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).

Even if the three requirements of § 1292(b) are met, a court has discretion over whether to allow an interlocutory appeal. See In re Cendant Corp. Securities Lit., 166 F. Supp. 2d. 1, 13-14 (D.N.J. 2001). Because piecemeal litigation is disfavored, leave to appeal should only be granted sparingly. Kapossy v. McGraw Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996). Generally, such leave will be granted only where a movant has demonstrated exceptional circumstances. See Jacobo v. BAC Home Loans Servicing, LP, 477 B.R. 533, 537 (D.N.J. 2012) (citing Katz, 496 F.2d at 754).

### B. Controlling Question of Law

It is undisputed that the motion before the Court presents a controlling question of law. A controlling question of law is one which, if erroneous, would be the basis for reversal on appeal. Katz, 496 F.2d at 755. Were Defendant found to be correct on this pure question of law, Plaintiff's

claims would be time barred, requiring a granting of the motion to dismiss. Therefore, Defendant has satisfied the first factor for interlocutory review.

### C.   Substantial Ground for Difference of Opinion

Defendant argues that the question before the Court is one about which a substantial ground for difference of opinion exists. Def. Br. at 7. A substantial ground for difference of opinion exists only where there is "genuine doubt as to the correct legal standard." Kapossy, 942 F. Supp. At 1001. While such doubt may arise in a variety of circumstances, the Court finds that Defendant has not created a "genuine doubt" in the Court's mind as to the correct legal standard in this case.

Willix concedes that his argument is contrary to the overwhelming precedent in this district and others. See Def. Br. at 15-16 (citing cases from varying districts). Despite the existing case law, Defendant contends that a substantial ground nonetheless exists.

Defendant first argues that a substantial ground for difference of opinion is present because a conflict exists within the law. He argues that the decisions in In re Robbins, 91 B.R. 879 (Bankr. W.D. Mo. 1988) and In re Phar-Mor, Inc. Sec. Litig., 178 B.R. 692 (W.D. Pa. 1995), create a split of authority necessitating an interlocutory appeal. Def. Br. At 8, 19. However, counsel's mere argument that one precedent rather than another should control does not create substantial ground for a difference of opinion. This is especially true when those conflicting decisions are from outside this Court's jurisdiction. Ryan, Beck & Co., LLC v. Fakih, 275 F. Supp. 2d. 393, 397-98 (E.D.N.Y. 2003). The unrefuted law in this district is the law applied by Judge Gambardella in this case.

Additionally, both Robbins and Phar-Mor are distinguishable from this matter. Robbins, although dealing with the same law, relied on dicta from a Seventh Circuit opinion not properly applicable in this case. Princeton I, 199 B.R. at 295-96. Phar-Mor, although from a court within

the Third Circuit, declined to find preemption of a state nonclaim statute regarding probate. In its decision, the Court relied on the inherent state interest (and corresponding lack of federal interest) in controlling probate matters. Id. In passing a comprehensive Bankruptcy Code, Congress has evidenced a much stronger intention to regulate bankruptcy, and thus the weaker state interest here must give way. See Smith, 365 B.R. at 677. Because Robbins and Phar-Mor are neither applicable nor controlling on this Court, their existence does not create a substantial ground for a difference of opinion.

Next, Willix argues that although the strong weight of precedent goes against him, the absence of circuit court rulings and the overall dearth of precedent on this issue minimize the weight of the existing precedent. However, a question of first impression alone does not create substantial grounds for a difference of opinion. See In re Futter Lumber Corp., 473 B.R. 20, 29 (E.D.N.Y. 2012). Moreover, in determining whether substantial ground exists, it is the duty of the district judge to weigh the relative strength of the parties' arguments. See In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). Although it appears that no circuit court has ruled on the issue, decisions of both the district and bankruptcy courts in this district, as well as several other districts throughout the United States, have thoroughly analyzed the issue. Thus, sufficient reliable precedent exists to find that there is no substantial ground for difference of opinion on this issue.

Finally, Defendant argues that Dry Wall, Princeton, and its progeny should not control the disposition of this case because he makes a novel argument regarding the statutory language of Section 546. Willix argues that unlike its counterpart Section 108,[2] Section 546 is written in the

---

[2] 11 U.S.C § 108 Reads: (a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

negative, setting only an outside limit of when a claim may be brought, rather than creating an extension of otherwise applicable time limits. However, a mere disagreement with a court's statutory interpretation does not create sufficient grounds to merit an interlocutory appeal. See In re Poseidon Pool and Spa Recreational, Inc., 443 B.R. 271, 281 (E.D.N.Y. 2010) (an interlocutory appeal is not appropriate where there is no claim that a court employed the wrong legal standard, but merely an argument that the bankruptcy court came to the wrong conclusion). Virtually every court to consider this issue has explicitly read Section 546 as an extension of time. In In re Dry Wall Supply, the Court found that reading Section 546 as anything other than an extension of time would "contravene the broad powers Congress has granted to the trustee to recover property for the benefit of the estate." Dry Wall, 111 B.R. at 937. In Princeton I and Princeton II, Judges Gambardella and Wolin both explicitly found that Section 546 was designed to extend the period. Although the Court did not specifically address the statutory language difference, its holding as to the interpretation of the language carries significant weight. Therefore, although Defendant seeks to have this Court interpret Section 546 in a new light, its suggestion of an alternate reading is not sufficient to warrant interlocutory review.

Even were the Court to find that Willix has met all of the necessary requirements for a potential interlocutory appeal, such review is still not warranted in this case. Interlocutory appeals are generally only considered when warranted by exceptional circumstances. Matter of Magic Restaurants, 202 B.R. 24, 26 (D. Del. 1996). Defendant has demonstrated no such circumstances here. Other than the potential expedient resolution of his claims, Defendant has demonstrated no

---

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) two years after the order for relief.

7

reason why this Court should make an exception to the general rule of litigation proceeding by its normal course.

## IV. <u>CONCLUSION</u>

Because Defendant has not sufficiently demonstrated that there is substantial ground for difference of opinion on the law in this case or exceptional circumstances warranting special treatment, interlocutory appeal is not warranted. Therefore, Defendant's motion for leave to appeal will be denied. Because leave to appeal is denied, the Court will not consider the substantive merits of Defendant's appeal, and will close that case. An appropriate Order accompanies this Opinion.

_____
**CLAIRE C. CECCHI, U.S.D.J.**
